Eva Scott, the beneficiary of a "travelers and pedestrian policy" issued to John Rose by the Life Casualty Insurance Company of Tennessee, brought this suit against that company claiming $1,000, the principal sum of the policy. She alleges that John Rose was accidentally killed on January 23, 1942, by a pistol bullet, while walking in the vicinity of Bolivar and Poydras Streets, this City.
The defendant filed an exception of no right or cause of action which was maintained below and plaintiff has appealed.
The policy sued on covered bodily injury and death "effected solely by external, violent, and accidental means."
"If the insured shall by being struck by actually coming in physical contact with some object loaded on or attached thereto, or some object struck and propelled by said vehicle, which is being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power, while the insured is walking or standing on a public highway, or be struck by any vehicle named above, while riding a bicycle on a public highway, which term `public highway' as used in this policy, shall mean the travelled and improved portion of the highway, and shall not be construed to include any portion of railroad or interurban railway yards, station ground, or right of way, except where crossed by a public thoroughfare dedicated to and used by the public for automobile or horse vehicle traffic, and shall not include any river, stream or water-way, or public highway, which although dedicated to the public, has not in fact been opened to and is being used by the public generally for vehicular traffic."
The contention of the plaintiff is that the bullet which killed John Rose was a vehicle within the meaning of the clause we have quoted, because "propelled from the gun by compressed air following the explosion of the firing of the gun", and the argument is made that since the insured was a pedestrian and met his death as the result of bodily injuries effected solely by external, violent and accidental means, while he was walking on a public highway, by a vehicle, there should be recovery.
A number of definitions from Webster's Dictionary are cited, in which a "vehicle" is described. Among these definitions we find:
"3. An art form or device used to convey an effect; specif. an artistic composition serving to convey a particular conception.
"4. A painting — the liquid portion as oil, of a paint or the like.
"5. Pharm. A medium in which medicine is administered, syrup in liquid preparations, lard in ointments, liquid prolatum in sprays, etc. *Page 59 
"6. Photog. Any medium in which the light-sensitive salt is suspended or contained.
"7. Theatre — A play written to display the special powers of an actor or actress."
Of course, there is also given a definition of "vehicle" as "a means of conveyance". The argument of counsel is ingenious and we know of no court to which it has heretofore been presented and we have been referred to no authority which has discussed the novel proposition involved. In our opinion, however, novelty is its only merit, for the kind of vehicle comprehended by the terms of the policy is one used for conveyance of objects, usually by means of wheels, such as horse drawn vehicles, automobiles, bicycles or even sleds, but not bullets.
In our opinion the exception of no cause of action was properly maintained, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.